IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ALLEN DUBYAK,<br><br>Petitioner,<br><br>vs.<br><br>BEN CURRY, Warden,<br><br>Respondent. | No. C 09-4475 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY; DENYING MOTION TO DISMISS**<br><br>(Docket No. 4) |

Petitioner, a prisoner of the State of California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges the decision by the California Board of Parole Hearings ("Board") to deny him parole in 2006.

Petitioner claims that the denial of parole violates his right to due process because there was not sufficient evidence that he would pose an unreasonable risk of danger to the public if released. The United States Supreme Court has recently held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v. Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). Specifically, the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 4-5. The parole hearing transcript makes it clear that Petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Id.*

|   |   |
|---|---|
| 1 | at 5. The Court further explained that no Supreme Court case "supports converting |
| 2 | California's 'some evidence' rule into a substantive federal requirement." *Id.* It is |
| 3 | simply irrelevant in federal habeas review "whether California's 'some evidence' rule of |
| 4 | judicial review (a procedure beyond what the Constitution demands) was correctly |
| 5 | applied." *Id.* at 6. In light of the Supreme Court's determination that due process does |
| 6 | not require that there be any amount of evidence to support the parole denial, Petitioner's |
| 7 | claims challenging the sufficiency of such evidence do not present a valid basis for |
| 8 | federal habeas relief. |
| 9 | Petitioner also claims that the denial of parole violates his rights under the Equal |
| 10 | Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment commands that |
| 11 | no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which |
| 12 | is essentially a direction that all persons similarly situated should be treated alike." *City of* |
| 13 | *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. |
| 14 | 202, 216 (1982)). Petitioner points to no similarly situated persons who are receiving different |
| 15 | treatment from him. Accordingly, his equal protection claim fails. |
| 16 | Petitioner also points to a statement in the transcript in which the Board stated that |
| 17 | Petitioner was "suitable" for parole (Pet. Ex. A at 39), and he complains that the Board failed to |
| 18 | set him a release date. A review of the entire transcript of the Board's decision (*see id.* at 39-43) |
| 19 | makes it abundantly clear that the Board found Petitioner unsuitable for parole, and that the |
| 20 | instance in the transcript to which Petitioner points was either a misstatement or a transcription |
| 21 | error. |
| 22 | Accordingly, the petition for a writ of habeas corpus is DENIED. |
| 23 | Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district |
| 24 | court to rule on whether a Petitioner is entitled to a certificate of appealability in the |
| 25 | same order in which the petition is decided. Petitioner has failed to make a substantial |
| 26 | showing that his claims amounted to a denial of his constitutional rights or demonstrate |
| 27 | that a reasonable jurist would find this Court's denial of his claim debatable or wrong. |
| 28 |   |

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

Respondent's motion to dismiss the petition (docket number 4) is DENIED as moot in light of the denial of the petition on its merits.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: FEB 1 8 2011

JEFFREY S. WHITE
United States District Judge